UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LUIS ORTIZ,

                     Plaintiff,

                          22 Civ. ____

       vs.                        **COMPLAINT AND**
                                   **JURY DEMAND**

THE CITY OF NEW YORK,
NYPD SERGEANT ARIEL CRUZ,
NYPD OFFICERS "JOHN/JANE DOES ## 1 – 20",

                 Defendants.
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, the laws of the State of New York, and the laws of the City of New York. New York City police officers from the 46th and 52nd Precincts in the Bronx, having no justification for doing so, subjected plaintiff to unreasonable and unjustified excessive force by twice tasering plaintiff -- an 18-year-old resident of the Bronx -- on the back, causing him to fall face first onto the ground and lose consciousness. The force of the impact from the fall onto his chin caused serious injuries to plaintiff's chin, jaw, hands, and wrists.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

5.      Plaintiff hereby demands trial by jury.

## PARTIES

6.      Plaintiff Luis Ortiz was at all times relevant a resident of Bronx County in the State of New York and a citizen of the United States.

7.      NYPD Sergeant Ariel Cruz (shield #21407) is and was at all times relevant herein a sergeant, officer, employee, and agent of the New York City Police Department ("NYPD").  On the date of the Incident, September 19, 2021, he was assigned to the 46th Precinct in Bronx County. Defendant Cruz is being sued herein in his individual capacity.

8.      NYPD Officers "John/Jane Does ## 1-20" were at all times relevant herein officers, employees, and agents of the New York City Police Department ("NYPD").  On the date of the Incident, September 19, 2021, they were assigned to the 46th and 52nd

Precincts in Bronx County. Defendants NYPD Officers "John/Jane Does ## 1-20" are being sued herein in their individual capacity.

9.      At all times relevant herein, Defendants Cruz and NYPD Officers "John/Jane Does ## 1-20" ("Individual Police Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

10.      Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

**STATEMENT OF FACTS**

11.    On September 19, 2021, plaintiff was driving what he believed was his friend Mark's black Nissan SUV near the Grand Concourse in the Bronx.

12.    Two other friends, known by their nicknames, "Yav" and "Say", were in the car with plaintiff.

13.    After making a right onto West 183rd Street near Grand Avenue, a police car suddenly cut in front of, and another police car pulled up next to, the car plaintiff was driving, boxing in plaintiff's vehicle.

14.    Several officers aggressively rushed over, with guns-drawn, to the car plaintiff and his friends were in. Startled and fearful that the police would shoot him, plaintiff jumped out of the car and ran.

15.    Plaintiff ran about one to two blocks before he was surrounded by multiple police officers and police vehicles.

16.    Plaintiff stopped running and put his hands up in the air above his head.

17.    Plaintiff was standing with his hands above his head -- having already surrendered -- when the Individual Police Defendants tasered him twice from behind.

18.    The other Individual Police Defendants knew that plaintiff had already surrendered and that it was unnecessary and excessive to taser him twice from behind, but failed to intervene to stop their fellow officers from tasering plaintiff.

19.    The electric shock waves that coursed through plaintiff's body caused him to stiffen, fall chin first onto the ground and lose consciousness.

20.     When plaintiff regained consciousness, he was handcuffed on the ground and experienced excruciating pain in his jaw.

21.     The force of plaintiff's chin striking the ground in front of him caused his chin to split open, a serious jaw fracture, and severe pain and swelling.

22.     Plaintiff also sustained cuts all over his hands and wrists from the fall.

23.     In addition, the Individual Police Defendants handcuffed plaintiff's hands too tightly, cutting off circulation to his hands, and caused cuts and bruises on his wrists.

24.     The Individual Police Defendants refused to loosen the handcuffs despite plaintiff's requests and complaints that they were too tight and were cutting into his wrists.

25.     The other Individual Police Defendants failed to intervene when they knew it was objectively unreasonable that their fellow officers refused to loosen plaintiff's handcuffs that were causing plaintiff to suffer pain and injuries to his wrists and hands.

26.     After arresting plaintiff, Individual Police Defendants brought him to St. Barnabas Hospital where the medical staff stitched his chin, x-rayed his jaw, and discovered that his jaw was fractured. The hospital staff told plaintiff he needed surgery and discharged him with instructions to follow up with a specialist.

27.     The Individual Police Defendants took plaintiff to Central Booking.

28.     Plaintiff was arraigned in Bronx Criminal Court on grand larceny and related charges concerning the unauthorized use of the black Nissan SUV. Plaintiff was released on his own recognizance.

29.     The next day, plaintiff's mother took him to Albert Einstein medical center. The hospital staff told them that plaintiff needed to have his jaw wired shut so it could heal properly. However, the specialist that the hospital called was unavailable to conduct the procedure.

30.     About one week after the incident, plaintiff's mother took plaintiff to Northshore Hospital in Long Island because plaintiff was still experiencing excruciating pain and swelling to his jaw, was unable to close his mouth, and unable to move his mouth properly which affected his ability to speak and eat.

31.     The medical staff at Northshore hospital advised plaintiff that since a week had passed, it was too late to perform the surgery. They put plaintiff on a soft food and soup diet for the next two months.

32.     For the next two to three months, plaintiff continued to experience severe pain and swelling to his jaw, which also caused him to experience severe headaches. Plaintiff, already a thin person, lost about 20 pounds as a result of the injury to his jaw.

33.     Plaintiff appeared in court multiple times before the criminal case was dismissed and sealed.

34.     Plaintiff continues to experience pain in his jaw, temporomandibular joint disorder (TMJ) symptoms, headaches, and has scars on his chin, wrists and hands.

35.     The unjustified excessive force committed by the Individual Police Defendants caused plaintiff to sustain physical and emotional injuries that are ongoing.

36.     Plaintiff timely filed a written notice of claim with the New York City Comptroller's Office.

37.     At least thirty days have elapsed since the filing of such notice and adjustment and/or payment has been neglected and/or refused.

38.     This action has been commenced within one year and ninety days after the events upon which the claims are based.

## FIRST CAUSE OF ACTION
**42 U.S.C. § 1983/ Fourth Amendment/ Excessive Force**
**Against the Individual Police Defendants**

39.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

40.     The use of excessive force by the Individual Police Defendants in tasering plaintiff twice from behind when he had surrendered and had his hands in the air and in handcuffing him too tightly were objectively unreasonable physical seizures of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

41.     The failure of the Individual Police Defendants who had a duty to intervene, prevent, and stop the other defendants from tasering plaintiff twice from behind and refusing to loosen his handcuffs was also objectively unreasonable in violation of plaintiff's rights under the Fourth Amendment to the United States Constitution.

## SECOND CLAIM FOR RELIEF
**Assault**

42.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

43.     The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act/s caused apprehension of such contact in the plaintiff.

44.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

45.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## THIRD CAUSE OF ACTION
**Battery**

46.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

47.     The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner forcibly touched plaintiff without plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

8

48.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

49.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**FOURTH CAUSE OF ACTION**
**Individual Defendant Officers' Violation of Plaintiff's AC 8-8802 Rights**

50.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

51.     The use of excessive force by the Individual Police Defendants in tasering plaintiff twice from behind when he had surrendered and had his hands in the air and in handcuffing him too tightly were violations of plaintiff's rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§8-8802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search.

52.     The failure of the Individual Police Defendants who had a duty to intervene, prevent, and stop the other defendants from tasering plaintiff twice from behind and refusing to loosen his handcuffs were also violations of plaintiff's rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§8-8802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and

seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search.

53.    The Individual Police Defendants are "covered individuals" as defined by 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§8-8801 in that they are employees of the New York City Police Department and are therefore liable to plaintiff for their wrongdoing under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§8-8803.

54.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION
**Defendant City's Liability for Individual Defendant Officers' Violation of Plaintiff's AC 8-8802 Right**

55.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

56.    The Individual Police Defendants are "covered individuals" as defined by 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§8-8801 in that they are employees of the New York City Police Department.

57.    The acts of the Individual Defendant Officers caused plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§8-8802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search.

58.     Defendant City of New York, as the employer of the covered Individual Police Defendants, is liable to plaintiff for the wrongdoing of the covered Individual Defendant Officers under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§8-8803.

59.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

1.     Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiff as a result of the events alleged herein.

2.     Punitive damages against the Individual Police Defendants in an amount to be determined at trial.

3.     For pre-judgment interest as allowed by law.

4.     An order awarding plaintiff reasonable attorneys' fees, pursuant to 42 U.S.C. §1988, together with the costs of this action.

5.     Such other further relief as the Court may deem appropriate.

Dated: December 16, 2022
       New York, New York

                              ROMANO & KUAN, PLLC

                              _____
                              Julia P. Kuan (JK 3822)
                              600 Fifth Avenue, 10th Floor
                              New York, New York 10020
                              (212) 763-5075
                              julia.kuan@romanoandkuan.com

                              *Attorneys for Plaintiff*